

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2004

# Doeblers PA Hybrids v. Doebler Seeds

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Doeblers PA Hybrids v. Doebler Seeds" (2004). *2004 Decisions.* Paper 1007.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1007

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4108
_____

DOEBLER'S PENNSYLVANIA HYBRIDS, INC.

v.

DOEBLER SEEDS, LLC, d/b/a T.A. Doebler Seeds;
TAYLOR DOEBLER, III, an individual,

Appellants

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 03-cv-01079)
District Judge:  The Honorable James F. McClure, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2004

BEFORE: NYGAARD and FUENTES, Circuit Judges.
and O'NEILL,[*] District Judge.

(Filed February 12, 2004)

_____

[*]      Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

NYGAARD, <u>Circuit</u> <u>Judge</u>.

This case is an expedited interlocutory appeal by Appellants T.A. Seeds (formerly known as Doebler Seeds, LLC) and Taylor Doebler, III ("Doebler III") of a preliminary injunction entered by the District Court. The District Court entered the injunction to protect Appellee Doeblers' Pennsylvania Hybrids, Inc. ("DPH") from the harmful acts of T.A. Seeds and Doebler III that allegedly included unfair competition, trademark dilution, and misappropriation of trade secrets. We will affirm.

## I.

Because the facts are known to the parties, and we write only for them, our factual summary is brief. This case stems from a dispute over the control of family-owned businesses, all of which have similar names. T.A. Doebler & Son, later renamed Doebler Seeds, LLC and then T.A. Seeds, is a seed growing business. DPH is a business that markets seeds grown by T.A. Doebler & Son and other growers, under the trade name Doebler's. The Doebler's trade name has been in use for 30 years and is considered by the public to be synonymous with DPH. DPH also does substantial research and testing of new hybrid seeds.

In late 2002, because of disagreements with the senior management of DPH, Doebler III resigned both his employment and position on the board of the company. Doebler III maintained, however, exclusive control over T.A. Doebler & Son. He renamed the company Doeblers' Seeds, LLC and developed a plan to grow and market seed corn in competition with DPH. He hired many of the employees who formerly worked for DPH.

After Doebler III failed to respond to a cease-and-desist letter, DPH sued alleging, *inter alia*, unfair competition, trademark dilution, and misappropriation of trade secrets. The District Court granted a preliminary injunction enjoining Appellants from: (1) using the Doebler's mark or any confusingly similar variation; (2) engaging in unfair competition; (3) offering for sale any of a list of twenty-one seed corn hybrids sold by DPH; and (4) comparing any of its hybrids to those sold by DPH. On reconsideration, the District Court refused to amend the injunction, but required DPH to post a bond for security. In response to the Court's concern about name confusion, Doebler III agreed to rename his company T.A. Seeds ("TAS").

## II.

A preliminary injunction is an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). We review a District Court's grant of a preliminary injunction for abuse of discretion, error of law, or clear mistake of fact. *Vuitton v. White*, 945 F.2d 569, 574 (3d Cir. 1991).

3

Appellants TAS and Doebler III argue on appeal that the preliminary injunction was in error because it: (1) imposed restrictions on competition despite the lack of a non-compete agreement; (2) was overbroad; (3) overestimated the harm to DPH and underestimated the harm to TAS; and (4) mistakenly concluded DPH's trade secrets were misappropriated. Appellants' claims are meritless and require little discussion.

The preliminary injunction was not an abuse of discretion nor an error of law. DPH showed: (1) a reasonable probability of success on the merits; (2) irreparable injury; (3) harm outweighing possible harm to other parties; and (4) that the injunction would be in the public interest. *See Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). Appellants are incorrect that the District Court erred in its assessment of harms to the parties. Customer confusion to the detriment of DPH is inevitable, since the TAS employees are substantially derived from DPH, the two companies sell the same products in the same market, and the companies are located in the same town. Additionally, TAS employs many of DPH's former employees in positions that will result in inevitable disclosures of trade secrets. *See Pepsico, Inc. v. Redmond*, 54 F.3d 1262, 1269-70 (7th Cir. 1995) (concluding that a company made out a case of trade secret misappropriation where an employee "possessed extensive and intimate knowledge" about strategic goals and without an "uncanny ability to compartmentalize information" would end up relying on that knowledge, and likening the situation to one where the company "finds itself in the

4

position of a coach, one of whose players has left, playbook in hand, to join the opposing team before the big game").[1]

Appellants' argument that no non-compete agreements were signed is irrelevant. Appellants' liability is not premised on the fact that they competed with DPH, but rather on the fact that they used DPH's own confidential information to compete against them. The new TAS employees have made use of their contact lists developed at DPH and TAS marketing staff have made direct comparisons between their products and those of DPH, including telling customers that "basically the same people that produced [DPH] hybrids . . . will now be producing [TAS] hybrids."

The preliminary injunction was narrowly tailored, as it precluded only unfair competition. The injunction prevented TAS from selling only 21 of its 50 hybrid seed corn varieties—those that were similar or identical to DPH products. Also, on reconsideration the Court amended the injunction to allow TAS to sell even the 21

---

1. Pennsylvania courts have not explicitly adopted the inevitable disclosure doctrine from *Pepsico, Inc.*, but we predict that, under the circumstances, the Pennsylvania Supreme Court would apply it or some variation thereof. In *Air Products & Chemicals, Inc. v. Johnson,* the Superior Court of Pennsylvania affirmed a preliminary injunction preventing a former employee from disclosing confidential information to a new employer or participating in certain aspects of his new employment where disclosure would be a risk. 442 A.2d 1114, 1124-25 (Pa. Super. Ct. 1982). The Court reasoned that the trial court's "expression of its determination of the likelihood of disclosure was proper," but stopped short of saying disclosure was "inevitable." *Id.* at 1124. Using *Air Products* as a signpost for when Pennsylvania courts are willing to grant an injunction against misappropriation of trade secrets, we conclude that the injunction entered here was proper.

allegedly infringing hybrids as feed corn, provided that it did not disclose the pedigree and variety to buyers. Similarly, we conclude that the District Court was within its discretion in refusing to confine the injunction to "the Northeast."

Appellants incorrectly characterize the preliminary injunction as a permanent injunction. The evidence does not support anything more than a speculative conclusion that the injunction will put TAS out of business. Furthermore, the bond posted by DPH will reimburse TAS for any hardship suffered because of the injunction, if it wins the lawsuit on the merits.

Finally, appellants claim that the District Court erred by excluding an affidavit from evidence. Appellants gloss over the fact that they first attempted to present the affidavit at the reconsideration hearing. The District Court was under no obligation to consider such evidence at that time.

**III.**

For the foregoing reasons, we will affirm.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge